CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 2 8 2006

JOHN F. CORCORAN, CLERK
BY:
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES FLETCHER GROVE, ) | |
| Petitioner, ) | Civil Action No. 7:05cv00702 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| DIRECTOR OF THE VIRGINIA ) | |
| DEPARTMENT OF CORRECTIONS, ) | By: Samuel G. Wilson |
| Respondent. ) | United States District Judge |

Petitioner James Fletcher Grove brings this 28 U.S.C. § 2254 petition, challenging his conviction for possession of a firearm by a convicted felon. Grove raises claims of trial court error and ineffective assistance of counsel. This matter is before the court on the respondent's motion to dismiss. Virginia courts have found all but one of Grove's claims to be procedurally defaulted under independent and adequate state procedural rules, and Grove's remaining claim is exhausted but defaulted because Grove failed to raise it before the Supreme Court of Virginia and the claim is now untimely. Because Grove has failed to demonstrate cause and prejudice capable of excusing his defaults, his claims are unreviewable on federal habeas. Accordingly, the court grants the respondent's motion to dismiss.

I.

A jury in the Halifax County Circuit Court found Grove guilty of possession of a firearm by a convicted felon; he was sentenced to five years. Grove did not appeal, but he filed a petition for a writ of habeas corpus in the Supreme Court of Virginia claiming his attorney provided ineffective assistance by failing to appeal. In his petition, Grove also claimed that counsel was ineffective because he failed to object to the prosecution's introduction of Grove's criminal history and failed to call witnesses on Grove's behalf. Grove also claimed that the trial court had erred by permitting

the prosecution to introduce his prior criminal convictions during opening and closing arguments, by ruling that the indictment did not have to contain specific language showing that Grove had been previously convicted of possession of a firearm, by instructing the jury that, should they find Grove guilty, the only appropriate sentence would be five years because he had previously been convicted of felony possession of a firearm, and by failing to declare a mistrial after the introduction of Grove's criminal history. The Supreme Court of Virginia granted Grove a delayed appeal and dismissed all other allegations of prosecutorial misconduct, trial court error, and ineffective assistance, without prejudice to Grove's right to raise them in a subsequent habeas corpus petition. Grove then filed a belated appeal in the Court of Appeals of Virginia, which the court denied. Grove did not appeal his conviction to the Supreme Court of Virginia.

Grove filed a petition for a writ of habeas corpus in the Halifax County Circuit Court, again claiming that the trial court erred by permitting the prosecution to introduce his prior criminal convictions during opening and closing arguments, by ruling that the indictment did not have to contain specific language showing that Grove had been previously convicted of possession of a firearm, and by instructing the jury that, should they find Grove guilty, the only appropriate sentence would be five years because he had previously been convicted of felony possession of a firearm. Grove also claimed for the first time that trial counsel provided ineffective assistance by failing to object to the prosecutor's repeated references to drunk driving, by failing to present any defense to the charges, by failing to present evidence to support Grove's "family feud" defense, by failing to argue that the prosecution had not proven each of the statutory elements of the crimes charged, by failing to call certain witnesses, by failing to argue that the prosecution had not shown that the firearms in question were functioning, and by failing to object to certain jury instructions. The circuit

2

court found that Grove's trial court error claims were not cognizable in a habeas proceeding, citing Slayton v. Parrigan, 205 S.E.2d 680, 682 (Va. 1974), and that his ineffective assistance claims were each either procedurally defaulted because Grove failed to raise them as part of his first habeas petition, citing Va. Code §8.01-654(B)(2) and Dorsey v. Angelone, 544 S.E.2d 350, 352 (Va. 2001), or meritless under Strickland v. Washington, 466 U.S. 668 (1984). Grove filed a notice of appeal in the circuit court; however, he failed to perfect his appeal to the Supreme Court of Virginia.

Grove then filed a third habeas petition in the Supreme Court of Virginia, again claiming that counsel provided ineffective assistance by failing to object to the prosecutor's references to drunk driving and by failing to call certain witnesses. Grove also claimed the circuit court had denied him due process in its handling of his habeas petition. As the circuit court had done, the Supreme Court dismissed Grove's claims of ineffective assistance pursuant to Va. Code §8.01-654(B)(2) because he had failed to raise them in his first habeas petition and denied Grove's due process claim as an impermissible attack on a prior petition for a writ of habeas corpus, citing Howard v. Warden, 348 S.E.2d 211, 213 (Va. 1986).

Grove's § 2254 petition claims that his counsel provided ineffective assistance by failing to object to the prosecutor's references to drunk driving and by failing to call certain witnesses.[1] He also claims that the trial court erred by permitting the prosecution to introduce his prior criminal convictions during opening and closing arguments, by ruling that the indictment did not have to contain specific language showing that Grove had been previously convicted of possession of a

---

[1] Grove also appears to claim that his attorney provided ineffective assistance by failing to file an appeal; to the extent that he does, the Supreme Court of Virginia granted Grove complete relief on that claim during his first habeas petition by allowing him to file an appeal out of time. Accordingly, this court will not address the claim.

3

firearm, by instructing the jury that, should they find Grove guilty, the only appropriate sentence would be five years because he had previously been convicted of felony possession of a firearm, and by failing to grant a mistrial after the prosecution discussed Grove's criminal record.

## II.

The Supreme Court of Virginia addressed Grove's ineffective assistance claims and found them to be procedurally defaulted under Va. Code §8.01-654(B)(2), which is an independent and adequate state procedural ground for default.[2] Thus, this court may not review those claims unless Grove demonstrates cause and prejudice to excuse his procedural defaults. Grove has made no such demonstration; therefore, the court must dismiss the claims. Similarly, even assuming without deciding that Grove's claims of trial court error are of a constitutional nature,[3] the Halifax County Circuit Court held that Grove had procedurally defaulted three of the four under the rule in Slayton, which is an independent and adequate state procedural ground,[4] and Grove has failed to demonstrate cause and prejudice to excuse his default.[5] As for the remaining claim, Grove's claim that the trial court should have granted a mistrial after the

---

[2] See Gray v. Netherland, 518 U.S. 152, 161-2 (1996) (finding Va. Code §8.01-654(B)(2) to be an independent and adequate state procedural ground).

[3] Wright v. Angelone, 151 F.3d 151, 158 (4th Cir. 1998) (citing Wainwright v. Goode, 464 U.S. 78, 83 (1983) ("It is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension.")).

[4] Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998) (holding the Slayton rule to be an independent and adequate state ground for procedural default).

[5] To the extent, if any, that Grove raises a claim of prosecutorial misconduct with regard to the discussion of his criminal record during opening and closing statements, that claim, too, is exhausted but procedurally defaulted because Grove never presented it to the Supreme Court of Virginia. See Teague v. Lane, 489 U.S. 288, 297-99 (1989).

prosecution discussed Grove's criminal record, Grove never presented it to the Supreme Court of Virginia, either on direct appeal or as part of his third habeas petition, and any attempt to appeal to the Supreme Court of Virginia at this late date would be time barred. Thus, the claims are exhausted but procedurally defaulted, see Teague v. Lane, 489 U.S. 288, 297-99 (1989), and Grove has not demonstrated cause and prejudice to excuse his procedural default. Thus, the court dismisses the claims.

### III.

For the foregoing reasons, the court grants respondent's motion to dismiss.

**ENTER**: This 28th day of February, 2006.

United States District Judge